United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OSCAR GATES,

          Petitioner,

  v.

KEVIN CHAPPELL, Warden,

          Respondent.

_____/

No. C 88-2779 WHA

**ORDER RE MOTION TO MODIFY
BRIEFING SCHEDULE AND SET
CASE MANAGEMENT
CONFERENCE**

**INTRODUCTION**

This matter was stayed in 2004 following an adjudication of mental incompetency, based on *Rohan ex. rel. Gates v. Woodford ("Gates")*, 334 F.3d 803 (9th Cir. 2003).[1]  At that time, attorneys for petitioner and respondent agreed that petitioner was incompetent.  On January 8, 2013, the Supreme Court decided *Ryan v. Gonzales*, abrogating *Gates* and holding that an incompetent capital prisoner has no right to an indefinite stay of habeas proceedings. 133 S. Ct. 696, 706-709.  The Supreme Court further held that while the decision to grant a temporary stay is within the discretion of the district court, an indefinite stay is inappropriate if there is no reasonable hope the petitioner will regain competence in the foreseeable future.  *Id.*

Pursuant to *Ryan*, this Court ordered the parties to meet and confer regarding whether

_____

[1] Petitioner was also adjudicated to be mentally incompetent in 1994, as part of the proceedings in this habeas matter, and in 1973, in a prior state criminal matter.

the stay in this matter should be lifted.  Following a case management conference on May 16, 2013, the stay was lifted and this matter was referred to Magistrate Judge Laurel Beeler for settlement proceedings.  While settlement proceedings were ongoing, the parties were also ordered to begin merits briefing of ten claims they agreed were record-based.  The parties submitted claims and a proposed briefing schedule, which was approved by this Court.

Petitioner now moves to modify the briefing schedule and set a case management conference.  Respondent has opposed petitioner's motion.  For the following reasons, petitioner's motion is GRANTED.

### DISCUSSION

On May 16, 2013, this Court issued an Order referring the parties to settlement proceedings and requiring them to prepare for merits briefing on ten record-based claims they agreed were appropriate for resolution.  Additionally, petitioner's counsel was given leave of court to file a motion requesting transfer of petitioner Gates to a suitable mental health correctional facility for attempted restoration of his competency.  This motion has not yet been filed.

Petitioner now maintains that, as the settlement discussions have proceeded, merits briefing of the ten claims must be suspended as a matter of efficiency and judicial economy. Petitioner points out that, since the CMC, the parties have participated in two in-person settlement conferences and one telephone conference with Magistrate Judge Beeler, and are preparing for a further settlement conference scheduled for November 1, 2013.  In addition, petitioner has filed pleadings and other documents with Magistrate Judge Beeler, as well as engaged in other tasks relating to the settlement proceedings.  Petitioner claims that it would be virtually impossible,  as well as extremely expensive, to simultaneously prepare for settlement proceedings, and research and litigate ten complex habeas claims.  Petitioner also states that respondent has maintained that restoration efforts are part and parcel of settlement proceedings; accordingly, petitioner's counsel plans to file a motion with this Court requesting transfer of petitioner Gates to a suitable mental health correctional facility.  Petitioner's counsel argues that proceeding on three tracks simultaneously – merits briefing, settlement proceedings, and

transfer proceedings – is inefficient and cost-prohibitive, as well as logistically impossible given other demands on counsel's time.

Respondent objects to petitioner's request to suspend merits briefing. According to respondent, petitioner is simply attempting to utilize the settlement proceedings as a vehicle to delay merits briefing of petitioner's claims. Respondent does not address petitioner's cost-related arguments.

Having thoroughly reviewed the parties' submissions, the Court agrees with petitioner that merits briefing must be temporarily suspended. At the time of the case management conference, given the age of this matter and the length of time it had been stayed, the Court ordered the parties to proceed with substantive litigation of claims at the same time they were proceeding with good-faith settlement discussions. The Court believed at the time – and continues to strongly believe –  that steps towards resolution of this matter must proceed apace. The Court recognizes, however, that the cost of proceeding both with merits briefing and with settlement preparation is substantial, and agrees with petitioner that, in the interests of efficiency and judicial economy, the focus at this time should be on settlement. The Court understands that both parties are participating in settlement negotiations in good faith, and urges them to continue to do so.

The Court is also obligated to refer to the current federal budget realities. At this time, CJA attorney payment is deferred as a result of the government shutdown. Given that, it is simply not tenable for petitioner's counsel to simultaneously brief ten complex habeas claims, as well as prepare for an upcoming settlement conference.

Accordingly, petitioner's motion to temporarily suspend the merits briefing on the ten claims is GRANTED.

### CONCLUSION

For the foregoing reasons, the Court hereby ORDERS the following.

1) Merits briefing of the ten record-based claims is temporarily SUSPENDED. This temporary suspension is designed to promote efficiency and judicial economy, and to allow the parties to focus on good-faith settlement proceedings.

3

2) The next settlement conference is scheduled for November 1, 2013.  The parties are hereby ORDERED to schedule a CMC with this Court for no later than November 29, 2013. No later than seven days prior to the CMC, the parties are ORDERED to submit case management statements to the Court, outlining the current status of the settlement proceedings, and addressing whether the parties are in a position to move forward with merits briefing.

3) Because whether or not petitioner's competency may be restored appears to be relevant to the settlement proceedings, petitioner's counsel should promptly move forward with a motion to transfer petitioner Gates to an appropriate mental health facility.

4) Because petitioner states that his proposed motions to expand the record and for leave to file a motion for reconsideration are relevant to the merits briefing, and because merits briefing is temporarily suspended, petitioner is ordered to DEFER filing the above-referenced motions.

**IT IS SO ORDERED.**

Dated: October ___3___, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

4