1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OSCAR GATES,                                    No. C 88-2779 WHA

        Petitioner,                          **ORDER**

v.

KEVIN CHAPPELL, Warden,

        Respondent.
_____/

This matter was stayed in 2004 following an adjudication of mental incompetency, based on *Rohan ex. rel. Gates v. Woodford ("Gates")*, 334 F.3d 803 (9th Cir. 2003).[1]  At that time, attorneys for petitioner and respondent agreed that petitioner was incompetent.  On January 8, 2013, the Supreme Court decided *Ryan v. Gonzales*, abrogating *Gates* and holding that an incompetent capital prisoner has no right to an indefinite stay of habeas proceedings. 133 S. Ct. 696, 706-709.  The Supreme Court further held that while the decision to grant a temporary stay is within the discretion of the district court, an indefinite stay is inappropriate if there is no reasonable hope the petitioner will regain competence in the foreseeable future. *Ibid.*  The stay in this matter was subsequently lifted.

Per an Order filed December 19, 2013, the parties in this matter were ordered to meet and confer and to submit a joint plan regarding further psychiatric examination of petitioner Gates.  To date, the parties have not done so.  Instead, respondent's counsel -- without moving to conduct the examination pursuant to Fed. Rule Civ. Pro. 35 or without otherwise requesting leave of Court -- scheduled an examination of petitioner.  The Court vacated respondent's

_____

[1] Petitioner was also adjudicated to be mentally incompetent in 1994, as part of the proceedings in this habeas matter, and in 1973, in a prior state criminal matter.

1   examination and again ordered the parties to meet and confer and submit a joint plan for

2   examination of petitioner.  *See* Docket No. 704.

3          The parties still have not filed a joint plan.  Instead, respondent now moves to have Dr.

4   Park Dietz examine petitioner at San Quentin, a motion which petitioner opposes.  In addition,

5   respondent indicates that the California Department of Corrections and Rehabilitation

6   ("CDCR") will file a motion for a separate "interview" of petitioner by its own clinician, Dr.

7   Douglas R. Korpi.  Respondent also continues to oppose any transfer of petitioner to DMH-

8   Vacaville for examination.[2]

9          The parties' inability to come to an agreement regarding procedures to examine

10  petitioner is unacceptable.  The Court has reviewed all of the pleadings filed by the parties, both

11  in conjunction with this motion, and with petitioner's prior motion for examination and

12  restoration proceedings.  Based on those pleadings, as well as the Supreme Court's decision in

13  *Ryan*, the Court hereby **ORDERS** as follows:

14         1) Within 14 days of the date of this Order, the parties are **ORDERED** to meet and confer,

15  and to submit a joint statement regarding examination of petitioner.  The parties should agree on

16  an expert to examine petitioner, and should submit the name of that expert, as well as his or her

17  CV, with the joint statement.  If the parties cannot agree, they may each submit the name of

18  three experts, along with their CVs, and the Court will select one to examine petitioner.  Dr.

19  Park Dietz should not be on the list of proposed experts.  Dr. Dietz was held by the Texas Court

20  of Criminal Appeals to have testified falsely for the prosecution in a capital case.  *Yates v.*

21  *Texas*, 171 S.W. 3d 215, 219-222 (2005).  In light of this, respondent cannot demonstrate that

22  Dr. Dietz is a suitable expert.  Certainly, there are other potential experts who have not given

23  false testimony in a capital case.

24         2) It is the Court's judgment that any initial examination of petitioner should take place

25  at San Quentin.  The Court finds and concludes that the facilities at San Quentin are adequate

26  for an initial examination of petitioner; in addition examination of petitioner at San Quentin will

27

28         [2] Petitioner originally requested that petitioner again be transferred to DMH-Vacaville for examination.
    Petitioner's motion was denied without prejudice, and the parties were ordered to meet and confer and submit a
    joint plan for further examination of petitioner.

**United States District Court**
For the Northern District of California

avoid the potential trauma to petitioner associated with any transfer to another institution for examination.  Accordingly, the parties' joint statement should include agreed-upon procedures for such an examination, as well as proposed dates.

3) The Court has not received a motion from the CDCR, and will not wait for such a motion before moving forward with examination of petitioner.  CDCR is **ORDERED** to participate in the meet and confer process, and either concur in the joint plan for examination of petitioner or show cause to this Court why it is requesting a separate examination.

4) The Court will continue to address the merits of petitioner's claims.  Thus, within 28 days of the date of this Order, petitioner is **ORDERED** to submit an opening brief on the merits of Claims 13, 15, 25, 26 and 28.  Respondent's opposition is due within 14 days of the date of the opening brief; any reply is due within 14 days of the date of the opposition.  The parties should not set a hearing date for this motion; should the Court find oral argument necessary, a hearing date will be scheduled.  In the Court's judgment, based on the record in this matter, the possibility of petitioner's full restoration to competency is remote.  Accordingly, the Court is not inclined to grant a stay on those grounds (*see Ryan*, 133 S. Ct. 696, 706-709), and continues to find that proceeding with the resolution of the case on the merits, as well as moving forward with a competency examination of petitioner, is the most prudent and efficacious avenue for case management.

For the foregoing reasons, respondent's motion is **DENIED.**  Because the motion was suitable for disposition without oral argument, pursuant to Civil Local Rule 7-1(b), the hearing date of May 8, 2014 is **VACATED.**

**IT IS SO ORDERED.**

Dated: April _____29_____, 2014.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3