United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OSCAR GATES,

    Petitioner,

  v.

KEVIN CHAPPELL, Warden,

    Respondent.

No. C 88-2779 WHA

**ORDER**

## INTRODUCTION

This matter was stayed in 2004 following an adjudication of mental incompetency, based on *Rohan ex. rel. Gates v. Woodford ("Gates")*, 334 F.3d 803 (9th Cir. 2003).[1] At that time, attorneys for petitioner and respondent agreed that petitioner was incompetent.[2] On January 8, 2013, the Supreme Court decided *Ryan v. Gonzales*, abrogating *Gates* and holding that an incompetent capital prisoner has no right to an indefinite stay of habeas proceedings. 133 S. Ct. 696, 706–709. The Supreme Court further held that while the decision to grant a temporary stay is within the discretion of the district court, an indefinite stay is inappropriate if there is no reasonable hope the petitioner will regain competence in the foreseeable future. *Id.*

The stay in this matter was subsequently lifted, and the parties commenced briefing on

---

[1] Petitioner was also adjudicated to be mentally incompetent in 1994, as part of the proceedings in this habeas matter, and in 1973, in a prior state criminal matter.

[2] Dr. Joseph Satten, who conducted the 2004 examination, is now deceased.

the merits and settlement proceedings. In addition, the Court ordered the parties to meet and confer, and to present a joint plan for further examination of petitioner Gates. The parties were unable to submit a joint plan, though they did find some areas of agreement. In addition, the parties were unable to agree on a mental health professional; instead, both parties submitted three potential experts to be considered by the Court for appointment.

The Court has reviewed all of the pleadings submitted by the parties regarding this issue, as well as relevant documents in the voluminous record of this case, and hereby enters the following Order.

**DISCUSSION**

**I.    Legal Standard**

This Court has the authority to order a competency determination of Gates pursuant to Rule 35(a) of the Federal Rules of Civil Procedure, which reads in pertinent part:

> The court where the action is pending may order a party whose mental or physical condition – including blood group – is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.

Because Gates was previously adjudicated incompetent, and because his competency or lack thereof is potentially relevant to his habeas case, his present mental state is "in controversy" within the meaning of Rule 35. *See Schlaugenhauf v. Holder*, 379 U.S. 104, 118 (1966) (discussing good cause and in controversy requirements of Rule 35(a)).

**II.   Analysis**

Despite this Court's repeated requests for the parties to submit a joint proposal, the parties have been unable to do so. In an effort to move forward promptly with an evaluation of petitioner, the Court ordered petitioner and respondent in December 2013 to submit a joint plan for further examination of petitioner Gates. *See* Docket # 660. As of yet, the parties have not been able to submit a joint plan nor to agree upon an expert. The Court finds and concludes that examination of petitioner, in a timely and fair manner, must be prioritized in order to move forward with this matter. The results will be important for both petitioner and respondent. Additionally, Rule 35 firmly places the final decision-making regarding a mental examination,

including the appointment of an expert, within the discretion of the district court, and in the absence of a joint agreement from the parties, the Court makes the following determinations regarding examination of petitioner Gates.

### III. Procedures

The Court will now detail the required procedures. It is imperative that the current status of petitioner's competency be determined as soon as possible.

1. Pursuant to Rule 35, the Court hereby appoints Dr. Jessica Ferranti as the examiner of petitioner Gates. The Court finds and concludes that Dr. Ferranti, who has experience both in forensic analysis and clinical restoration to competency procedures, is suitably licenced and qualified to serve as a Court-appointed expert in this matter. The Court emphasizes that Dr. Ferranti is to be retained by the Court as an independent expert, and not as a representative of either party.

2. The Court also finds and concludes that the initial exam conducted should be focused on determining petitioner Gates' competency, as well as his current symptomology, details of any diagnosed illnesses, and his possible amenability to various treatment modes. The exam should not "assume" petitioner's incompetency, because it would not be appropriate for this Court to authorize moving forward with a treatment plan for an incarcerated petitioner based on a ten-year old examination from a professional who is no longer available to testify. Rather, the Court finds and concludes that petitioner Gates' current needs will be best served when they are based on a recent evaluation from a qualified expert.

3. The Court also finds and concludes that, per the parties' agreement, any examination of petitioner Gates and any restoration proceedings resulting therefrom should occur in the intermediate care facility located in the Central Health Services Building, the Outpatient Housing Unit (or "OHU"), in San Quentin. Petitioner's counsel shall be notified of the transfer to the OHU no less than 48 hours before the transfer is scheduled to take place. Respondent's counsel and/or counsel for CDCR should ensure that petitioner's counsel or his next friend, Colleen Rohan, will have an opportunity to meet with petitioner after notification and before transfer.

3

4.      The examination by Dr. Ferranti should take place from June 23-24, 2014.  No later than seven days prior to the examination, each side should provide Dr. Ferranti with evidence it deems relevant to her examination.

5.      Petitioner will not be medicated involuntarily absent an order of the Court.

6.      No one examining petitioner Gates for the purposes of determining his competency in these proceedings will ask him about the crimes underlying the conviction and sentence in this case.

7.      Dr. Ferranti may observe, contact, interview and examine petitioner at San Quentin to the full extent allowed by CDCR staff.  In addition, she may contact and consult with CDCR staff, and review any material they provide that is relevant to her examination of petitioner Gates.

8.      Petitioner's counsel may observe, contact and interview petitioner at San Quentin to the full extent allowed by CDCR staff.

9.      Dr. Ferranti's report shall be submitted to this Court and shall: summarize the purpose and procedure of the examinations conducted; list any materials considered in conducting the evaluation; document petitioner's behavior, statements and condition during the examination; state the clinical basis for any diagnosis; state the diagnosis; and answer the questions posed by the Court (see *infra*).

10.     Dr. Ferranti should consider petitioner's competency in accordance with the following standard: Whether petitioner Gates has the capacity to appreciate his position and make rational choices with respect to proceedings in this Court or, on the other hand, whether he is suffering from a mental disease, disorder or defect that may substantially affect his capacity.  In addition, Dr. Ferranti should consider whether Gates currently has the capacity to understand his position and communicate rationally with counsel regarding this matter.

11.     No later than August 4, 2014, Dr. Ferranti should submit a report regarding her evaluation of petitioner Gates to the Court.  If Dr. Ferranti concludes that petitioner Gates is incompetent under the standard discussed *supra*, her report should also include whether petitioner's competency may be restored.  In addition, her report should include a proposed plan

4

for competency restoration, including the length of time anticipated for restoration.

12. No later than August 25, 2014, each party shall file submissions on the issue of competency and, if relevant, competency restoration. Replies shall be filed no later than September 1, 2014.

13. If necessary, the Court shall schedule a hearing on this issue after review of the submissions of Dr. Ferranti and the parties.

**IT IS SO ORDERED.**

Dated: June   5   , 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE