IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR GATES, | No. C 88-2779 WHA |
| Petitioner, | **ORDER DENYING MOTION FOR STAY AND, IN THE ALTERNATIVE, CERTIFICATION OF ISSUES FOR APPELLATE REVIEW** |
| v. | |
| KEVIN CHAPPELL, Warden, | |
| Respondent. | |

Petitioner Oscar Gates has moved for a stay of proceedings pending efforts to restore him to competency. In the alternative, petitioner has moved for this Court to certify two questions for appellate review under 28 U.S.C. § 1292(b). For the following reasons, petitioner's motion is **DENIED** in its entirety.

**BACKGROUND**

This matter was stayed in 2004 following an adjudication of mental incompetency, based on *Rohan ex. rel. Gates v. Woodford ("Gates")*, 334 F.3d 803 (9th Cir. 2003).[1] At that

---

[1] Petitioner was also adjudicated to be mentally incompetent in 1994, as part of the proceedings in this habeas matter, and in 1973, in a prior state criminal matter. This Court has ordered a subsequent competency examination of petitioner (*see* Docket # 740), as ten years have passed since petitioner's previous evaluation. Additionally, Dr. Joseph Satten, who conducted the 2004 examination, is now deceased.

time, attorneys for petitioner and respondent agreed that petitioner was incompetent. On January 8, 2013, the Supreme Court decided *Ryan v. Gonzales*, abrogating *Gates* and holding that an incompetent capital prisoner has no right to an indefinite stay of habeas proceedings. 133 S. Ct. 696, 706-709. The Supreme Court further held that while the decision to grant a temporary stay is within the discretion of the district court, an indefinite stay is inappropriate if there is no reasonable hope the petitioner will regain competence in the foreseeable future. *Ibid.*

The stay in this matter was subsequently lifted, and the parties commenced briefing on the merits and settlement proceedings.[2] In addition, the Court ordered the parties to meet and confer, and to present a joint plan for further examination of petitioner Gates. The parties were unable to submit a joint plan, although they did find certain areas of agreement. Per an Order filed June 5, 2014, the Court appointed an expert to examine petitioner Gates, and set a timetable and parameters for the examination and subsequent filings. The parties have completed merits briefing on numerous claims, and merits briefing on additional claims is in progress.

## DISCUSSION

**I.     Stay Request**

Petitioner has not demonstrated good cause for a stay in this matter. This matter, which was filed in this Court in 1988, concerns crimes which occurred in 1979. Orderly resolution of petitioner's claims is imperative for both petitioner and respondent. This matter was stayed for many years and, given the lengthy delay already imposed from the more than 25 years this petition has been pending in the district court alone, the need to move this petition to resolution is substantial. If the petition is determined to have merit, then it will be harder with each passing day for the district attorney to retry the case. If the petition is determined to have no merit, then the public policy of California and the judgment of the jury and trial court in imposing the death sentence will have been frustrated by the delay. If the issues in this petition

---

[2] The Court understands that there are no currently scheduled settlement conferences. Accordingly, the parties are directed to focus on merits briefing and petitioner's upcoming examination.

1  were all highly dependent on petitioner's memory and judgment, and if there were a substantial
2  chance that a delay could be used to materially improve petitioner's ability to assist habeas
3  counsel, then a closer question would be presented as to the best balance of equities.[3]  As no
4  such showing has been made, the balance of equities favors moving ahead and continuing the
5  hard work of evaluating the many claims presented in the petition, a process that will take many
6  months.

7  In *Gonzalez*, the Supreme Court addressed the following question: "whether the
8  incompetence of a state prisoner requires suspension of the prisoner's federal habeas corpus
9  proceedings." 133 S. Ct. at 700.  In a 9-0 decision, the Court held "that neither 18 U.S.C. §
10 3599 nor 18 U.S.C. § 4241 provides such a right and that the Courts of Appeals for the Ninth
11 and Sixth Circuits both erred in holding that district courts must stay federal habeas proceedings
12 when petitioners are adjudged incompetent." *Ibid.*  In so doing, the Court held that the Ninth
13 Circuit's decision in *Gates* was "incorrect" in suggesting that habeas petitioners had a right to
14 competency based on the Due Process Clause, and also overturned the Ninth Circuit's finding
15 that a capital habeas petitioner's statutory right to counsel[4] could be eviscerated if he or she
16 were incompetent.  *Id*. at 704-705.

17 As the *Gonzales* Court made clear, an incompetent capital habeas petitioner is not
18 entitled to a stay of federal habeas proceedings.  *Id*. at 700.  Rather, decisions regarding whether
19 or not to grant a stay in such circumstances are "generally left to the sound discretion of the
20 district courts." *Id*. at 708 (citing *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).  In this case,
21 petitioner has not demonstrated the need for a stay of the case pending restoration efforts;
22 accordingly, his request for a stay is **DENIED**.

23 **II.   Interlocutory Appeal**

24 Petitioner requests that this Court certify the following two questions for appellate

---

[3] The Court understands that petitioner's counsel has not attempted to communicate with petitioner for many years.

[4] 18 U.S.C. § 3599(a)(2) guarantees federal habeas petitioners on death row the right to federally funded counsel.

3

review: 1) whether *Gonzales'* limitation on stays for incompetent prisoners applies to pre-AEDPA cases; and 2) whether, even if it does apply, a limited stay pending restoration is required under the facts of this case. "A non-final order may be certified for interlocutory appeal where it 'involves a controlling question of law as to which there is a substantial ground for difference of opinion' and where 'an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" *Reese v. BP Exploration Inc.*, 643 F. 3d 681, 687-688 (9th Cir. 2011).

The Court finds that petitioner has not demonstrated good cause for an interlocutory appeal. To begin with, petitioner has not shown that there is a substantial ground for difference of opinion regarding a controlling question of law. Petitioner argues that it is an open question whether *Gonzales* applies to pre-AEDPA cases such as his. *Gonzales*, however, was not limited to post-AEDPA cases. As discussed *supra*, the Supreme Court held in a 9-0 opinion that the incompetence of a capital habeas petitioner does not require suspension of the petitioner's federal habeas proceedings. *Gonzales*, 133 S. Ct. at 700. In so doing, the Supreme Court specifically held that the Ninth Circuit's decision in *Gates*, petitioner's pre-AEDPA case, was incorrect. *Id*. at 704-705. Given that the *Gonzales* Court addressed and rejected the reasoning in a pre-AEDPA case, the Court finds that there is no substantial ground for a difference of opinion as to whether *Gonzales* is controlling law here.

Petitioner points out that the Ninth Circuit is poised to address this issue in *Medina v. Chappell* and *Medina v. Wong* (09-99015), argued and submitted on March 19, 2014. The fact that the appellate court is considering this issue, however, does not establish that there is a substantial ground for difference of opinion regarding the unanimous decision in *Gonzales*, where the Supreme Court disapproved of the Ninth Circuit's decision concerning the requirement of stays in this pre-AEDPA matter.

Petitioner also cannot demonstrate that an immediate appeal will advance the ultimate termination of this litigation. As petitioner notes, the Ninth Circuit has already had briefing and oral argument on the issue of whether *Gonzales* applies to pre-AEDPA cases. The issue that petitioner wants to appeal is already being decided by the Ninth Circuit; if that issue is resolved

4

in petitioner's favor, he may file a motion for leave to file a motion to reconsider in this Court. Until then, however, this Court finds that the *Gonzales* decision applies to petitioner's pre-AEDPA federal habeas proceedings, and that the best way to materially advance the ultimate termination of this litigation is to continue to address the merits of petitioner's claims.

## CONCLUSION

For the foregoing reasons, petitioner's motion for a stay and, in the alternative, motion to certify two questions for appellate review under 28 U.S.C. § 1292(b), is **DENIED**.

**IT IS SO ORDERED.**

Dated: June   12  , 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE