| | |
|---|---|
| KAMLA D. HARRIS<br>Attorney General of California<br>GLENN R. PRUDEN<br>Supervising Deputy Attorney General<br>GREGG E. ZYWICKE<br>Deputy Attorney General<br>State Bar No. 173163<br>  455 Golden Gate Avenue, Suite 11000<br>  San Francisco, CA 94102-7004<br>  Telephone: (415) 703-5961<br>  Fax: (415) 703-1234<br>  E-mail: Gregg.Zywicke@doj.ca.gov<br>*Attorneys for Respondent* | William L. Osterhoudt<br>Attorney at Law<br>State Bar No. 43021<br>135 Belvedere Street<br>San Francisco, CA 94117<br>Telephone: (415) 664-4600<br><br>Timothy Joseph Brosnan<br>Attorney at Law<br>State Bar No. 75938<br>1116 Guerrero Street<br>San Francisco, CA 94110<br>Telephone: (415) 962-7967<br>*Attorneys for Petitioner* |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **COLLEEN MARY ROHAN ex rel OSCAR GATES,**<br><br>         Petitioner,<br><br>v.<br><br>**RONALD DAVIS, Warden of the California State Prison at San Quentin,**<br><br>         Respondent. | C 88-2779 WHA<br><br>**<u>DEATH PENALTY CASE</u>**<br><br>**JOINT STATEMENT RE: MEET AND CONFER** |

  The Court's April 21, 2016, Order directed that, within 28 days, the parties meet, confer and submit a joint statement on the next claims to be briefed. *Id*., Order, Doc. 794, at 18.

  Counsel for Petitioner and Respondent met and conferred by e-mail in April and May, 2016. On May18, 2016, Petitioner's and Respondent's counsel agreed to the following proposal.

**PARTIES' JOINT PROPOSAL**

  The parties jointly propose that the Court issue an Order, directing the parties to brief the merits of claims 6. A., B. and 7.

Within 30 days of the date of the Order, Petitioner's counsel shall submit a proposed CJA budget for the briefing;

Within 60 days of the date of the Order, petitioner shall submit an opening brief;

Within another 30 days, respondent shall submit an opposing brief ; and

Within another 14 days, petitioner shall submit a reply.

**Respondent's Additional Statement**

Respondent's counsel maintain that all claims can be resolved on the merits without need for a hearing, but are mindful of the Court's prior reservations and that Respondent is agreeing to brief the claims in the alternative because the Court has already found portions of claims 6 and 7 procedurally defaulted in its order dated August 23, 2001.

**Petitioner's Additional Statement**

Petitioner's counsel believe that claims 6.A., B. and 7. should be litigated next, because they have similar legal and factual predicates to one another, and also contain similar legal and factual predicates to the most recent group litigated (claims 8.A., B., C. D., and 9) and because they may likely be litigated without the need for oversize briefs. Petitioner initially made this proposal in the reply brief while litigating claims 8.A., B., C., D. and 9., where Petitioner suggested claims 6. (A. and B.) and 7., be litigated next because they related to claims 8.A., B., C., D. and 9. See July 7, 2015, petitioner's reply brief, Doc. 793, at 6:12-15 and fn. 1.

This proposal was then and is now guided in part by the Court's related March 9, 2015, Order regarding proposals for the prior group of claims to be litigated, which stated that proposed claims should to the extent possible have "similar factual or legal predicates," and should "avoid the need for oversized briefs . . ." See Order, Doc. 777, at 18:2-5.

The April 21, 2016, Order directs the parties to address whether there are any claims which may be resolved without input from Petitioner. Doc. 794 at 18.

Petitioner's counsel acknowledge that the Court has previously ruled that claim litigation must proceed despite Mr. Gates's current and ongoing mental incompetency.[1]

---

[1] This Court has already denied petitioner's requests to stay this matter pending restoration of Mr. Gates's competency, etc., generally and as to individual claim litigation. E.g., Doc. 775, at
(continued…)

2

Petitioner's counsel respectfully maintain as before that the claims suggested here and all the remaining claims will be the subject of a motion for evidentiary hearing and respectfully request that the Court continue to defer ordering submission of any motion for evidentiary hearing until after the Court has ruled on the merits of the remaining claims.  E.g., see March 24, 2015, Petitioner's Proposed Briefing Schedule, Doc. 779, at 2:15 – 3:12.

The proposed schedule includes a filing time for Petitioner's counsel to submit a proposed CJA budget, preparation of which is somewhat time-consuming.  Counsel are also mindful that they are required to submit the proposal with sufficient lead time for the Court to render an order before work can begin.  See http://www.cand.uscourts.gov/budgetingforms .

The proposed schedule reflects in part Petitioner's counsel's substantial obligations in other ongoing matters.   Counsel respectfully request that the Court take into account as it has in the past counsel's other commitments, including other capital and capital habeas corpus matters, many of which were pending when this matter became active again.  Petitioner's counsel will be glad to provide additional case-specific details if the Court might find that to be useful.

Petitioner's counsel note that the procedural default litigation was in process in 2001 and had not been completed when this matter was stayed during the interlocutory appeal;  it has not been resumed since.

///

///

///

///

///

///

///

---

(…continued)
7:11 - 8:8; Doc. 777, at 5:5-9, 7:15-18, 14:9-12. Petitioner's Counsel of course respect that ruling and therefore  have proposed litigating the merits of the claims suggested here, although counsel respectfully continue to maintain as before that all the remaining claims require input from Petitioner and the proceedings should be stayed pending restoration. See e.g., May 29, 2015, Petitioner's Opening Brief on Claims 8.A. – D., 9., Doc. 781, at 7:21-24, n.1.

## CONCLUSION

Counsel for both parties respectfully request that the Court issue an Order, adopting the parties' joint proposal described above.

Date: May 18, 2016

/s/ Gregg E. Zywicke
Gregg E. Zywicke
Deputy Attorney General
*Attorney for Respondent*

/s/ William L. Osterhoudt
William L. Osterhoudt
*Attorney for Petitioner*

/s/ Timothy Joseph Brosnan
Timothy Joseph Brosnan
*Attorney for Petitioner*