UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLEEN MARY ROHAN, *ex rel.* OSCAR GATES,<br><br>    Petitioner,<br><br>    v.<br><br>RON BROOMFIELD, Acting Warden, San Quentin State Prison,<br><br>    Respondent. | Case No. 88-cv-02779-WHA<br><br>DEATH PENALTY CASE<br><br>ORDER |

    Respondent has filed a motion to conduct discovery in conjunction with the evidentiary hearing scheduled to commence on August 16, 2021, at 8:00 a.m. Petitioner objects to the scope of respondent's requested discovery as well as respondent's failure to include appropriate protective language regarding disclosure and use of confidential materials obtained through discovery. Docket No. 931 at 2-4. Petitioner's overbreadth objection is rejected. First, the authority petitioner cites in support of his this argument, *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003), concerned entry of a protective order governing disclosure of the entire contents of underlying trial counsel's files due to the allegation that such counsel rendered ineffective assistance. *See id.* at 717 n.1 (quoting from the district court's protective order governing "discovery granted to respondent pursuant to respondent's motion to discover trial counsel's files"). *See also* Joint Stipulation of the Parties Regarding Discovery Requests (Docket No. 393) at 9, *Bittaker v. Woodford*, No. CV 91-1643-WMB (entered October 9, 2001) (describing respondent's request to discover, with no objection lodged by petitioner, "[a]ll documents in the files" of petitioner's trial counsel). *Bittaker* governs the scope of a habeas petitioner's waiver of attorney-client privilege when complaining about ineffective assistance of counsel and provides

guidance about how to define the scope of such waiver. 331 F.3d at 716-17 ("The question presented to us is the *scope* of the habeas petitioner's waiver: Does it extend only to litigation of the federal habeas petition, or is the attorney-client privilege waived for all time and all purposes—including the possible retrial of the petitioner, should he succeed in setting aside his original conviction or sentence?") (emphasis in original). Nothing in *Bittaker* forbids respondent from discovery of trial counsel's files, including, potentially, some irrelevant materials, where petitioner has alleged that trial counsel rendered ineffective assistance, as petitioner here has alleged. Second, given petitioner's counsel's objection that he lacks sufficient time to review all file documents to distinguish relevant and irrelevant documents, *see* Docket No. 931-1 at 3, disclosure of the entire file's contents will ease counsel's burden in complying with discovery, thus obviating the need for counsel to parse through all file contents and, further, submit documents for proposed *in camera* review.

The objections of petitioner and counsel representing petitioner in his habeas actions pending in the Central District of California concerning the omission of appropriate protective language in respondent's proposed order, as well as their contention that an appropriate protective order should be entered before production of documents, are well-taken. Respondent agrees that relevant language reflecting the rule of *Bittaker* should be included in a protective order. Docket No. 934 at 1-2. Accordingly, all concerned parties shall collaborate and agree upon a protective order governing disclosure of trial counsels' files in this case. The joint proposed protective order shall be filed on or before 12:00 p.m. on July 21, 2021.

**IT IS SO ORDERED.**

Dated: July 16, 2021

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE